Per Curiam.

Petitioner’s, principal objections relate to his indictment. It was composed of several separate sheets of paper with a separate count on each sheet. The sheets were fastened together as a single unit. His objection is that a true bill with the signature of the foreman of the grand jury was not on each count. Petitioner’s argument results from his belief that each count constituted a separate indictment. The fact is that this was a single indictment with six separate counts. This was a perfectly proper indictment since the offenses were related, and under the provisions of Section 2941.04, Revised Code, an indictment may charge two or more separate offenses connected together in their commission. The indictment was indorsed on the first page as a “true bill” and was signed by the foreman of the grand jury.
The petitioner urges also that a single act can not constitute violations of both Section 2913.01 and Section 1115.23, Revised Code. In other words, his argument is that this single act of his could not constitute two different statutory offenses.
Petitioner’s final contention is based on former jeopardy. It is his argument that, since the jury found him not guilty under Section 1115.23, Revised Code, of uttering a check with insufficient funds and the fraudulent use of the names of others, he could not then be found guilty under Section 2913.01, Revised Code, for uttering a forged instrument.
These contentions made by petitioner are basically of double jeopardy, his argument being that the various counts charged only a single crime or lesser included offenses, and one necessarily included the others.
The plea of double jeopardy is a matter of defense which must in the first instance be raised in the trial court or it is waived. In the event of error in regard thereto, an accused has ah adequate remedy by way of appeal.
The question of double jeopardy is one which goes not to the jurisdiction of the trial court but rather to the judgment and sentence. These are issues which must be raised by appeal and are not cognizable in a habeas corpus proceeding. Birns v. *415 Sweeney, Sheriff, 154 Ohio St., 137, and Ex parte Van Hagan, 25 Ohio St., 426. It is fundamental that habeas corpus cannot be substituted for appeal. McConnaughy v. Alvis, Warden, 165 Ohio St., 102, and In re Harley, 167 Ohio St., 48.
In other words, double jeopardy is not a ground for relief by habeas corpus after conviction of the accused by a court having jurisdiction of the person and the subject matter. Annotation, 8 A. L. R. (2d), 285.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, Beel and 0 ’Neill, JJ., concur.
Herbert, J., not participating.